IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ACUITY SPECIALTY GROUP, INC., | : | No.  4:CV-06-0780 |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| DAVID PAULSHOCK, | : | |
| Defendant | : | |

**MEMORANDUM AND ORDER**

September 7, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On April 3, 2006, the Plaintiff Acuity Specialty Group ("Plaintiff" or "ASP") filed a two-count complaint against Defendant David Paulshock ("Defendant" or "Paulshock"), asserting a claim for breach of an Exclusive Account Agreement ("the Agreement") and seeking injunctive relief in the form of an Order preventing Defendant from further breaching the Agreement.  This action was filed based on diversity jurisdiction and Plaintiff alleges the amount in controversy to exceed $75,000.00.

Plaintiff's allegations all relate to the alleged breach of the Agreement, which

contained a customer non-solicitation agreement Defendant signed when he began his employment with ASP. Plaintiff alleges Defendant breached the agreement when he resigned from ASP, began working for a competitor, and "started soliciting business from ASP customers that he had formerly serviced, all in direct flagrant violation of the Agreement." (Rec. Doc. 2)

On May 19, 2006 Defendant filed a Motion to Dismiss Plaintiff's Complaint (doc. 17), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). On August 10, 2006, Magistrate Judge Blewitt issued a Report and Recommendation (doc. 26), recommending that this Court deny the Motion to Dismiss and remand the action to the Magistrate Judge for further proceedings. Objections to Magistrate Judge Blewitt's Report were due August 28, 2006. To date, none have been filed. This matter is now ripe for disposition.

**STANDARD OF REVIEW:**

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report

becomes the judgment of the court.  Id.

**DISCUSSION**:

Our review of this case confirms Magistrate Judge s Blewitt's determinations and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

First, Magistrate Judge Blewitt recommends that we deny Defendant's Motion to Dismiss Plaintiff's Complaint (doc. 17), because the Plaintiff has alleged that the amount in controversy is $75,000.00, and accordingly the jurisdictional threshold of 28 U.S.C. § 1332(a)has been met. Magistrate Judge Blewitt further finds that the required $75,000.00 jurisdictional requirement can be inferred from a reasonable reading of Count I of the complaint.  We agree with the Magistrate Judge's reasoning and shall deny the Plaintiff's Motion on this grounds.

Second, Magistrate Judge Blewitt recommends that we deny Defendant's Motion because Plaintiff's complaint adequately puts the Defendant on notice of the breach of contract claim against him as required by Fed. R. Civ. P. 8. Magistrate Judge Blewitt specifically finds that, "viewed in the light most favorable to the Plaintiff, Plaintiff's Complaint alleges that Defendant breached the non-solicitation clause of the Agreement by contacting ASP's customers which he previously and exclusively serviced for ASP that were within his Territory," (doc.

26 at 13), and accordingly, Plaintiff's pleading puts Defendant on notice of the specific conduct it alleges violated the Agreement.  We agree with the Magistrate Judge's reasoning in this respect and shall deny the Plaintiff's Motion on this ground as well.

Finally, Magistrate Judge Blewitt finds that the Plaintiff has stated a claim for injunctive relief, and recommends that the Defendant's Motion to Dismiss Plaintiff's Complaint be denied as to that claim.  Specifically, Magistrate Judge Blewitt notes that the Agreement at issue in this matter included a covenant not to compete and a non-solicitation clause, and correctly states that injunctive relief is proper for the enforcement of a covenant not to compete.  See, e.g., Novus v. Franchising, Inc. v. Taylor, 795 F. Supp. 122 (M.D. Pa. 1992).

Our review of this case obviously confirms Magistrate Judge Blewitt's determinations.  Because we find no error in Magistrate Judge Blewitt's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (doc. 26) is ADOPTED in its entirety.

2. Defendant's Motion to Dismiss Plaintiff's Complaint (doc. 17) is

DENIED.

3. This case is REMANDED to Magistrate Judge Blewitt for further proceedings.

s/ John E. Jones III  
John E. Jones III  
United States District Judge